**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hugh James Brand, | No. CV-24-02463-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Petitioner Hugh James Brand ("Mr. Brand") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1) on September 17, 2024. On March 12, 2025, United States Magistrate Judge Camille D. Bibles issued her Report and Recommendation ("R&R") on the Petition (Doc. 19). Judge Bibles recommends that Mr. Brand's Petition be denied as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (*Id.* at 13). Mr. Brand filed an Objection to the R&R (Doc. 20).

Prior to the issuance of the R&R, Mr. Brand also filed a "Motion for Newly Discovered Evidence" (Doc. 17) and a "Motion on Plea Agreement Reconsideration" (Doc. 18). After the R&R was filed, he filed another "Motion on Plea Agreement Reconsideration" (Doc. 21) and a "Motion for Status" (Doc. 22).

The Court agrees that the Petition is untimely under AEDPA and will adopt the R&R, deny the pending Motions, and dismiss Mr. Brand's Petition.

**I.   Standard of Review**

Upon timely objection of a magistrate judge's findings and recommendation, a

district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

**II.     The R&R and Mr. Brand's Objection**

In finding the Petition untimely, Judge Bibles concluded that Mr. Brand is not entitled to equitable tolling of the statute of limitations, has procedurally defaulted his federal habeas claims and fails to establish cause for or prejudice arising from the procedural default, and has not shown a fundamental miscarriage of justice will occur absent consideration of the merits of his claims. (Doc. 19 at 13).

As noted, Mr. Brand timely filed an objection to the R&R (Doc. 20). Most of Mr. Brand's objections, however, relate to statements made by Respondents in their Response or reiterate the merit-based arguments he advances in his Petition. For example, Mr. Brand says that contrary to what Respondent claims, the originally filed plea agreement "shows count one was for attempted murder" not attempted child trafficking. (*Id*. at 1). He also says that "the sentencing transcript. . . absolutely shows judicial and prosecutorial misconduct in the fact the court was bound by law to the plea which had been accepted on 21 June, 2022." (*Id*. at 1–2). These are not valid objections to the R&R upon which the Court can review because Judge Bibles did not reach the merits of Mr. Brand's claims; instead, she found the Petition was untimely. (Doc. 19 at 13). *See also White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a federal habeas petition is time-barred must be resolved before considering other procedural issues or the merits of any habeas claim). Mr. Brand's merit arguments therefore are not objections the Court is obligated to review under the Federal Magistrates Act. *Thomas*, 474 U.S. at 150 (where there is no objection to a magistrate's factual and legal determinations, the district court need not review the decision "under a *de novo* or any other standard"). Moreover, the Court agrees with Judge Bibles that Mr. Brand's Petition is untimely, and thus will not reach his merit-

based arguments.

Notably, Mr. Brand largely does not object to the factual basis from which Judge Bibles calculated the applicable statute of limitations and filing deadlines. He does say that "the state claims there was a state habeas trial of which I was never notified and I didn't file with the Arizona Court of Appeals. I believe this would make any normal person wonder about the truth in any of the state's statements." (Doc. 20 at 1). The record shows, however, that Mr. Brand file a state action for post-conviction relief and the relief was denied on July 20, 2023. (Doc. 13-1 at 85–87). Mr. Brand does not elaborate or explain how his failure to receive notice of the state court order denying him relief tolled or otherwise extended his time to file his federal habeas petition. Indeed, Petitioner has not articulated what, if any, of the Magistrate Judge's findings he found objectionable. His failure to identify any flaws in the factual findings or legal analysis of the R&R has the same effect as a complete failure to object. *Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 6, 2006)) ("Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object."); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or recommendation. . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).

Although the Court could simply accept the R&R based upon this case law, it did not. The Court reviewed the R&R, some of the many various exhibits referenced therein, and the applicable law. Judge Bibles's analysis and recommendations are sound and the Court adopts them in their entirety.

**III.   Mr. Brand's Motions**

Because the Court agrees the Petition is untimely without excuse, the Court also denies Mr. Brand's pending Motions (Docs. 17, 18 & 21). Mr. Brand attaches a portion of

the transcript from his sentencing in his "Motion for Newly Discovered Evidence." (Doc. 17 at 3).  The transcript reflects that the state court judge, in issuing the judgment, stated that the attempted child sex trafficking crime was committed "between June 10, 2021, through and including June 12 of 2021." (*Id.*)  Mr. Brand objects to this statement in his Motion and says he "was in jail June 12 of 2021 before this crime I was charged with so how could I have done this crime." (*Id.* at 1).  It is unclear what "evidence" Mr. Brand is contending is "newly discovered" by attaching this portion of the transcript since he was present at the hearing in question.  Regardless, nothing in this request impacts or changes the Court's conclusion that his federal petition is untimely.  The Motion is therefore denied.

The same is true about Mr. Brand's two "Motions on Plea Agreement Reconsideration" (Docs. 18 and 21), both which make the argument that the plea agreement accepted by the state court was not the plea that he agreed to.  As the R&R noted, Mr. Brand made this argument to the state court in his first post-conviction review petition and it was rejected on July 20, 2023.  (Doc. 19 at 2).  Mr. Brand did not appeal that decision and accordingly it became "final" on August 21, 2023, under 28 U.S.C. § 2244(d)(1).  AEDPA's one-year statute of limitations expired on August 21, 2024, which was nearly a month before Mr. Brand's September 17, 2024, federal habeas petition.  The Petition is therefore untimely and for the reasons stated in the R&R, not subject to equitable tolling.

Accordingly,

**IT IS ORDERED** that Mr. Brand's Objection (Doc. 20) is **overruled** and the Report and Recommendation (Doc. 19) is **accepted** and **adopted** as the Order of this Court.  Mr. Brand's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied**.  Any request for a Certificate of Appealability is also **denied**.

**IT IS FURTHER ORDERED** that Mr. Brand's "Motion for Newly Discovered Evidence" (Doc. 17) and "Motions on Plea Agreement Reconsideration" (Docs. 18 & 21) are **denied**.  Mr. Brand's "Motion for Status" (Doc. 22) is **granted**, as stated herein.

/ / /

/ / /

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 15th day of January, 2026.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge